## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| *The Worth Collection, Ltd.*, | ) |
| | ) |
| Debtor. | ) Case No. 20-10337 (BLS) |
| | ) |
| | ) |
| DOUGLAS T. TABACHNIK, in his | ) |
| capacity as the chapter 7 trustee of the | ) |
| bankruptcy estate of The Worth Collection, | ) |
| Ltd., | ) |
| | ) |
| Plaintiff, | ) Adv. Proc. No. _____ |
| | ) |
| v. | ) |
| | ) |
| LOMBARDO & PARTNERS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee (the "*Trustee*" or the "*Plaintiff*") appointed in the above-captioned bankruptcy case, and as plaintiff in the above-captioned adversary proceeding, hereby alleges, upon his own knowledge or upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.    This action is commenced by the Trustee, who is administering the bankruptcy estate of The Worth Collection, Ltd. (the "*Debtor*"), to avoid and recover transfers of property (and for various related relief).

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Plaintiff consents to entry of a final order or judgment by United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") in this matter.

4.      This adversary proceeding is related to a chapter 7 bankruptcy case currently pending in this district, captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337 (BLS) (the "*Chapter 7 Case*").

5.      Venue is proper in this district under 28 U.S.C. § 1409(a).

6.      To the extent any complaint to recover a preferential transfer filed by the Trustee seeks to recover amounts less than the so-called "small dollar venue limitation" outlined in 28 U.S.C. § 1409(b), venue remains proper in this district because preference actions are proceedings "arising under" the Bankruptcy Code (as opposed to proceedings "arising in" or "related to" the underlying bankruptcy case). *See, e.g.*, *Insys Liquidation Tr. v. Haley Techs., Inc.* (*In re Insys Theraputics, Inc.*), 2021 WL 3508612, at *2 (Bankr. D. Del. June 17, 2021) (Dorsey, J.) (concluding that section 1409(b)'s "minimum venue threshold" does not apply to preference actions because section 1409(b) omits proceedings 'arising under' the Bankruptcy Code, which include preference actions).

7.      This adversary proceeding is commenced pursuant to, without limitation, sections 105(a), 502(d), 544, 547, and 550 of title 11 of the United States Code (the "*Bankruptcy Code*"), applicable Delaware statutory law (as incorporated by section 544 of the Bankruptcy Code), Rules 7001(1) and (7) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and applicable caselaw.

## **PARTIES**

8.      The Trustee is the chapter 7 trustee appointed to administrate the Debtor's bankruptcy estate in the Chapter 7 Case.

9.     Upon information and belief, Defendant LOMBARDO & PARTNERS, LLC (the "*Defendant*") is a company residing in, or having its principal place of business at, 300 Clematis Street, Third Floor, West Palm Beach, FL 33401.

## BACKGROUND

**A.     General Background**

10.     On February 14, 2020 (the "*Petition Date*"), an involuntary petition was filed against the Debtor under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby commencing the Chapter 7 Case.

11.     On March 24, 2021 (the "*Relief Date*"), the Bankruptcy Court entered an Order for Relief against the Debtor, thereby allowing the Chapter 7 Case to proceed.

12.     On June 23, 2021, the Bankruptcy Court entered an order appointing the Trustee as the chapter 7 trustee to administer the Chapter 7 Case.

13.     During the ninety (90) day period prior to the Petition Date, that is, between November 16, 2019 and February 14, 2020 (the "*Preference Period*"), the Debtor transferred cash and other property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, free or discounted inventory, or otherwise, to various individuals or entities, including the Defendant.

14.     The Trustee has determined that the Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of the Defendant during the Preference Period aggregating to an amount of not less than $40,000.00 (each individual transfer to or for the benefit of the Defendant is referred to as a "*Transfer,*" and are collectively referred, including any Transfer the Trustee has not specifically listed herein, to as the "*Transfers*").  The details of certain known Transfers are set forth in Exhibit A attached hereto.

15.    Before filing this Complaint, the Trustee afforded the Defendant an opportunity to produce documents in of support any defenses that the Defendant may plausibly assert with respect to the Transfers.  *See infra* at ¶ 29 (regarding preference action due diligence).

**B.    Notice to Defendant Regarding Amendment to Complaint**

16.    It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of the Defendant or any other transferee to the extent that the Trustee is entitled to under applicable law and that the Trustee determines that pursuing such action is in the best interest of the Debtor's bankruptcy estate. Accordingly, the Trustee hereby provides notice that he reserves the right to amend this Complaint to include, without limitation: (i) additional transfers, (ii) modifications of and/or revisions to the Defendant's name, (iii) additional defendants, (iv) expansion of the preference period to include transfers within the year prior to the Petition Date to the extent the Trustee determines that the Defendant is an "insider" (as such term is defined in the Bankruptcy Code), and/or (v) additional causes of action (collectively, the "*Amendments*") that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT ONE**

**(Avoidance of Preferential Transfers Under 11 U.S.C. § 547)**

17.    The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

18.    Each of the Transfers is a transfer made to the Defendant by the Debtor.

19.    The Debtor made the Transfers to or for the benefit of the Defendant in an aggregate amount of not less than $40,000.00.

20.     The Transfers were made from one or more of the Debtor's accounts or property and constituted transfers of an interest in property of the Debtor.

21.     During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of supplying good or services to the Debtor.

22.     Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to the Defendant.

23.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to the Defendant before such Transfers were made, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by the Debtor.

24.     Each Transfer was made while the Debtor was insolvent.

25.     The Trustee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

26.     Each Transfer the Trustee seeks to avoid and recover pursuant to this Count of the Complaint was made during the Preference Period.

27.     As a result of each Transfer, the Defendant received more than the Defendant would have received if (i) the Transfers had not been made; and (iii) the Defendant received payment of its debts under the provisions of the Bankruptcy Code.

28.     The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person or entity for whose benefit the Transfers were made.

29.     In accordance with *Insys Liquidation Tr. v. Quinn Emanuel Urquhart & Sullivan* (*In re Insys Therapeutics, Inc.*), 2021 WL 5016127, at *3 (Bankr. D. Del. Oct. 8, 2021) (Dorsey, J.)

(finding "due diligence" requirement satisfied where complaint alleged that the trustee (i) sent a demand letter; (ii) invited the recipients to advise the trustee of their defenses, and (iii) such defenses, if any, were taken into account by the Trustee, in conjunction with the Trustee's review of the debtors' books and records), and based on the circumstances of this case, the Trustee has met his reasonable due diligence requirement pursuant to section 547(b) of the Bankruptcy Code.

30.     Pursuant to section 547(g) of the Bankruptcy Code, the Defendant bears the burden of proof of any defenses the Defendant may possess under section 547(c) of the Bankruptcy Code.

31.     Accordingly, the Trustee is entitled to an order and judgment against the Defendant avoiding each Transfer pursuant to section 547(b) of the Bankruptcy Code.

**WHEREFORE**, the Trustee requests that the Court enter an order and judgment against the Defendant avoiding each Transfer pursuant to section 547(b) of the Bankruptcy Code, awarding interest thereon to the date of payment and the costs of this action to the Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just.

## COUNT TWO

### (Recovery of Avoided Preferential Transfers Under 11 U.S.C. § 550)

32.     The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

33.     The Trustee is entitled to avoid the Transfers described in Count I of this Complaint pursuant to section 547(b) of the Bankruptcy Code.

34.     The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person or entity for whose benefit the Transfers were made.

35.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Transfers from the Defendant, plus interest thereon to the date of payment and the costs of this action.

**WHEREFORE**, the Trustee requests that the Court enter an order allowing the Trustee to recover from the Defendant all Transfers pursuant to section 550 of the Bankruptcy Code, awarding interest thereon to the date of payment and the costs of this action to the Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just.

## COUNT THREE

### (Disallowance of Claims – 11 U.S.C. § 502(d))

36.     The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

37.     The Defendant is a transferee of the Transfers avoidable pursuant to section 547 of the Bankruptcy Code, which are recoverable under section 550 of the Bankruptcy Code.

38.     The Defendant has not paid the amount of the Transfers or turned over such property for which the Defendant is liable under section 550 of the Bankruptcy Code.

39.     Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against the Debtor (to the extent any such claim exists and was preserved by timely filing a proof of claim in the Chapter 7 Case) must be disallowed until such time as the Defendant pays the Trustee the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

**WHEREFORE**, the Trustee requests that the Court enter an order disallowing any and all claims that the Defendant has asserted (to the extent any such claim exists and was preserved by timely filing a proof of claim in the Chapter 7 Case) until such time as the Defendant pays the Trustee the amount equal to all of the Transfers and interest thereon to the date of payment and the costs of this action to the Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just.

## COUNT FOUR

### (Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548(a)(1))

40.     Section 548 of the Bankruptcy Code provides, in pertinent part, as follows:

(a)(1)   The Trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –

(A)     made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)(i)   received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(B)(ii)(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(B)(ii)(III) intended to incur, or believed that debtor would incur; debts that would be beyond the debtor's ability to pay as such debts matured; or

(B)(ii)(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1).

41.     The Transfers were made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

42.     Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Transfers, and the Debtor was either (i) insolvent on the date the transfer of the Transfers occurred or (ii) became insolvent as a result of such transfers.

43.     Accordingly, the transfer of the Transfers was fraudulent, and the Trustee is entitled to avoid the transfers pursuant to section 548 of the Bankruptcy Code.

**WHEREFORE**, the Trustee requests that the Court enter an order and judgment against the Defendant avoiding each Transfer pursuant to section 548 of the Bankruptcy Code, awarding interest thereon to the date of payment and the costs of this action to the Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just (including an award of attorneys' fees to the extent of actual fraud).

### COUNT FIVE

### (Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544 and 6 Del. C. § 1304)

44.     Plaintiff repeats and re-alleges the allegations contained in prior paragraphs, which are incorporated by reference as if set forth fully herein.

45.     Section 544 of the Bankruptcy Code provides as follows:

(a)     The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (1)     a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

> (2)     a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

> (3)     a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b)(1)  Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

(b)(2)   Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548(d)(3)) that is not covered under section 548(a)(1)(B), by reason of section 548(a)(2).   Any claim by any person to recover a transferred contribution described in the preceding sentence under Federal or State law in a Federal or State court shall be preempted by the commencement of the case.

11 U.S.C. § 544.

46.     Delaware Code Title 6, § 1304, titled "Transfers fraudulent as to present and future creditors," provides, in pertinent part, as follows:

(a)     A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1)     With actual intent to hinder, delay or defraud any creditor of the debtor; or

(2)     Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

a.     Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

b.     Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

6 Del. C. §1304.

47.     The Transfers were made with actual intent to hinder, delay, or defraud any creditor of the Debtor.

48.     Alternatively, the Debtor did not receive a reasonably equivalent value in exchange for the Transfers, and at the time of the Transfers, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

**WHEREFORE**, the Trustee requests that the Court enter an order and judgment against the Defendant avoiding each Transfer pursuant to section 544 of the Bankruptcy Code and 6 Del. C. § 1304, awarding interest thereon to the date of payment and the costs of this action to the

Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just (including an award of attorneys' fees to the extent the Trustee is so entitled).

## COUNT SIX

### (Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544 and 6 Del. C. § 1305)

49.     The Trustee repeats and realleges each of the allegations set forth in the paragraphs above as if fully set forth herein.

50.     Delaware Code Title 6, § 1305, titled "Transfers fraudulent as to present creditors," provides, in pertinent part:

> (a)     A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

> (b)     A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent.

6 Del. C. § 1305.

51.     The Debtor made the Transfers without receiving a reasonably equivalent value in exchange for such transfers.

52.     The Debtor was insolvent at the times the Transfers were made.

**WHEREFORE**, the Trustee requests that the Court enter an order and judgment against the Defendant avoiding each Transfer pursuant to section 544 of the Bankruptcy Code and 6 Del. C. § 1304, awarding interest thereon to the date of payment and the costs of this action to the Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just.

## COUNT SEVEN

### (Recovery of Avoided Fraudulent Transfers Under 11 U.S.C. § 550)

53.    The Trustee repeats and realleges each of the allegations set forth in the paragraphs above as if fully set forth herein.

54.    The Defendant is either (i) the initial transferee of the Transfers or the entity for whose benefit the Transfers were made; or (ii) an immediate or mediate transferee of such initial transferee.

55.    To the extent that the transfer of one or more of the Transfers is avoided under section 548 of the Bankruptcy Code, the Trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property pursuant to section 550 of the Bankruptcy Code.

**WHEREFORE**, the Trustee requests that the Court enter an order allowing the Trustee to recover from the Defendant all Transfers pursuant to section 550 of the Bankruptcy Code, awarding interest thereon to the date of payment and the costs of this action to the Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just.

## COUNT EIGHT

### (Recovery of Avoided Fraudulent Transfers Under 11 U.S.C. § 544 and 6 Del C. § 1307)

56.    The Trustee repeats and realleges each of the allegations set forth in the paragraphs above as if fully set forth herein.

57.    Title 6 of the Delaware Code, § 1307, titled "Remedies of creditors," provides:

(a)    In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in § 1308 of this title, may obtain:

(1)    Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim . . . .

6 Del. C. § 1307.

12

58.     To the extent that the transfer of the Transfers is avoided under 6 Del. C. § 1304, *et seq.*, the Trustee may recover, for the benefit of the estate, the property transferred or the value of such property pursuant to 6 Del. C. § 1304, *et seq.*

59.     The transfer of the Transfers should be avoided.

**WHEREFORE**, the Trustee requests that the Court enter an order allowing the Trustee to recover from the Defendant all Transfers pursuant to section 544 of the Bankruptcy Code and 6 Del C. § 1307, awarding interest thereon to the date of payment and the costs of this action to the Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just.

## COUNT NINE

### (Recovery of Payments Made From Sources Other than the Debtor)

60.     The Trustee repeats and realleges each of the allegations set forth in the paragraphs above as if fully set forth herein.

61.     On information and belief, certain entities which are related to the Debtor (collectively, the "*Debtor Affiliates*"), such as, without limitation, NWC Worth Collection Holdings, LLC, Worth Investment Holdings, LLC, and Worth Collection Intermediate Holdings, LLC, were inextricably intertwined with the Debtor, with the goal of shielding assets from creditors and insulating liability.

62.     Substantive consolidation, a construct of federal common law, emanates from equity. It "treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities (save for inter-entity liabilities, which are erased). The result is that claims of creditors against separate debtors morph to claims against the consolidated survivor." *Genesis Health Ventures, Inc. v. Stapleton* (*In re Genesis Health Ventures, Inc.*), 402 F.3d 416, 423 (3d Cir. 2005).

63.    As described by Judge Walsh in a published opinion in this district (citing his prior unpublished decision in the same case), he approved non-debtor substantive consolidation *nunc pro tunc* to the debtor's petition date of a debtor where a debtor "'ran its business and entities as a unified enterprise under common ownership and control' with a 'small group of insiders [that] employed that control to raise cash, commingle it, and then distribute it as needs presented." *In re DBSI, Inc.*, 445 B.R. 344, 346 to 347 (Bankr. D. Del. 2011).

64.    To the extent the Defendant received transfers from any of the Debtor Affiliates, including transfers not yet identified by the Trustee (the "*Affiliate Transfers*"), the Trustee hereby seeks to: (a) substantively consolidate such entity or entities with the Debtor *nunc pro tunc* to the Petition Date; and (b) avoid and recover any such additional transfers in accordance with each other cause of action contained in this Complaint.

**WHEREFORE**, the Trustee requests that the Court enter an order allowing the Trustee to recover from the Defendant all Affiliate Transfers received by or on behalf of the Defendant pursuant to sections 105(a) and 550 of the Bankruptcy Code, awarding interest thereon to the date of payment and the costs of this action to the Trustee, and for such other and further relief as the Trustee is entitled or the Court deems just.

Dated: March 21, 2023
Wilmington, Delaware

Respectfully submitted,

**DOUGLAS T. TABACHNIK, CHAPTER 7 TRUSTEE**

By:  */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (DE Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

*-and-*

Harley J. Goldstein, Esq. (admitted *pro hac vice*)
Daniel C. Curth, Esq. (admitted *pro hac vice*)
Amrit S. Kapai, Esq. (admitted *pro hac vice*)
Steven Yachik, Esq. (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
danc@goldmclaw.com
amritk@goldmclaw.com
steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*